UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTO-OWNERS INSURANCE
COMPANY

   Plaintiff,

v.

EMERALD STAR CASINO & RESORTS,  Case No.: 8:09-cv-1129-T-24 MAP
INC., BONNIE L. CATO, BRUCE E.
CORRIGAN, and TINA J. CORRIGAN,

   Defendants.

_____/

## **ORDER**

  This cause comes before the Court on a Motion to Dismiss filed by Defendants Bruce and Tina Corrigan. (Doc. No. 7.) The Corrigans seek dismissal of the Complaint for Declaratory Judgment on the grounds that there is no "actual controversy" between the parties, and because there is a pending, parallel state court action which they contend will fully resolve the parties' dispute. Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed a response in opposition to the motion. (Doc. No. 9.) For the reasons stated, the motion is denied.

**I. Background**

  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, in which Auto-Owners seeks a declaration of the rights, duties, and liabilities of the parties under an insurance policy that it issued to Defendant Emerald Star Casino & Resorts, Inc. ("Emerald Star"). Auto-Owners alleges the following in its Complaint: On or about January 8, 2009, Defendants Bruce and Tina Corrigan filed a complaint for negligence in state court against Defendants Emerald Star and Bonnie L. Cato for damages arising out of an automobile accident that occurred in

Pinellas County, Florida on or about February 15, 2008. In the complaint, the Corrigans allege that Cato was driving the vehicle that collided with their vehicle, thereby causing the collision. Auto-Owners is not a party to the state court action.

Auto-Owners issued an automobile insurance policy to Emerald Star; however, Cato was an excluded driver under that policy. As a result, Auto-Owners contends that there is no coverage under the policy for the claims asserted against Emerald Star and Cato by the Corrigans. Auto-Owners, however, is presently defending Emerald Star in the state court action under a reservation of rights, without prejudice to its coverage defense. Auto-Owners seeks a declaration that it has no duty to defend or to indemnify Emerald Star or Cato in the state court action.

## II. Discussion

The Corrigans move for dismissal of the declaratory judgment action on two grounds. First, they assert that Auto-Owners has no "actual controversy" with the Corrigans sufficient to meet the requirements of Article III of the Constitution and 28 U.S.C. § 2201 because there is no privity of contract between the Corrigans and Auto-Owners and, as such, the rights, obligations and status of these parties the cannot be effected by any declaration issued by the Court. They point out that the issue of whether Auto-Owners must defend or indemnify Emerald Star is a contractual dispute strictly between Auto-Owners and its insured. They also assert that this case is not ripe because the possibility that they will look to Auto-Owners to satisfy any state court judgment against Emerald Star and Cato is merely speculative.

The Court disagrees. Auto-Owners seeks a declaration of its rights and obligations, if any, with respect to its duty to defend and indemnify Emerald Star and Cato in the ongoing state

2

court action. According to the complaint, Auto-Owners is currently defending Emerald Star in the state court action, reserving its right to dispute coverage under the policy. Therefore, a declaratory judgment will determine Auto-Owners's current obligations under the insurance policy to continue that defense.

Moreover, although it is true that Auto-Owners and the Corrigans are not contractually bound, the law is well settled that "[w]hen declaratory relief is sought, *all persons* may be made parties who have or claim *any interest* which would be affected by the declaration." Fla. Stat. § 86.091 (emphasis added). "A prompt determination of coverage potentially benefits the insured, the insurer and the injured party." *Britamco Underwriters, Inc. v. Central Jersey Invs., Inc.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994). If there is coverage, the "insurance carrier is able to make an intelligent judgment on whether to settle the claim," which will certainly benefit the injured party. *Id.* On the other hand, if coverage does not exist, "the [injured party] may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage." *Id.* As the injured parties, the Corrigans have an interest in this declaratory judgment action, and their inclusion is permissible under Florida law.

The Corrigans also seek dismissal on the grounds that the Court should decline to exercise jurisdiction over the declaratory judgment action because there is an ongoing state court action which will fully resolve the parties' dispute. In their motion, the Corrigans recite the nine factors a court should consider when deciding whether to abstain from a declaratory judgment action under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). However, these nine factors should be considered when a declaratory judgment suit and another

suit are "pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

In *Specialty Underwriters Alliance v. Peebles McManus, LLC*, No. 3:08-cv-888-MEF, 2009 WL 1931087, at *3 (M.D. Ala. July 7, 2009), the insurance carrier sought a declaratory judgment in federal court regarding its duty to defend or indemnify its insured in a state court proceeding. In the declaratory judgment action, the insurance carrier also included the injured parties as defendants. *Id.* Similar to the instant case, the injured parties moved to dismiss, asserting that the federal court should abstain from adjudicating the action because of the parallel state court action. *Id.* The federal court however denied that motion, noting that the insurance carrier was not a party to the underlying state court action and the coverage issues were not presented in that forum. *Id.*

Here, Auto-Owners is not a party in the underlying state court action as the insurance carrier for Emerald Star, and the coverage issues presented in this action are not before the state court. This case is distinguishable from *Brillhart, Wilton,* and *Roach*, which involved parallel proceedings between the same parties and involving the same issues. Therefore, the present declaratory judgment action is properly before this Court.

**III.    Conclusion**

For the reasons stated, the Motion to Dismiss the Complaint filed by Defendants Bruce and Tina Corrigan (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of October, 2009.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record

4