UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.

                                                                             Case No.: 8:09-cv-01129-SCB-MAP

EMERALD STAR CASINO & RESORTS, INC.,
BONNIE L. CATO, BRUCE E. CORRIGAN,
TINA J. CORRIGAN,

      Defendants,
_____/

**O R D E R**

This cause comes before the Court on a Motion for Summary Judgment filed by Plaintiff Auto-Owners Insurance Company ("Auto-Owners"). (Doc. 36). Auto-Owners seeks a declaration that it does not have a duty to defend or indemnify Defendants Emerald Star Casino & Resorts, Inc. ("Emerald Star") and Bonnie L. Cato ("Cato") for the claim that Defendants Bruce E. Corrigan and Tina J. Corrigan ("the Corrigans") brought against Emerald Star and Cato for bodily injuries they allegedly sustained in an automobile accident on February 15, 2008. The Corrigans filed a response in opposition to the motion. (Doc. 38). With the Court's permission, Auto-Owners filed a reply. (Doc. 41.) For the reasons stated, the motion is granted.[1]

**I.    Background**

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, in which Auto-Owners seeks a declaration of its rights, duties, and liabilities under an insurance policy that it

---

[1] When Defendants Emerald Star and Bonnie Cato failed to respond to Auto-Owners' complaint, the Clerk of the Court entered default against them on April 15, 2010. (Doc. 33). To date, neither Emerald Star nor Bonnie Cato have appeared in this case, nor did they file a response to Auto-Owners' summary judgment motion.

issued to Emerald Star. Auto-Owners is currently defending Emerald Star and Cato in a state court action under a reservation of rights.

The undisputed facts are as follows: Bruce and Tina Corrigan filed suit against Emerald Star and Cato in state court to recover damages for injuries that they allegedly suffered in an automobile accident that occurred on February 15, 2008. In that suit, the Corrigans allege that Cato was driving a vehicle that was owned by Emerald Star, when she caused her vehicle to collide with the Corrigans' vehicle. The Corrigans allegedly suffered bodily injuries and a loss of consortium as a result of the accident.

At the time of the accident, Emerald Star was an insured under the Automobile Insurance Policy bearing policy number 42-422235-00 issued by Auto-Owners for the policy period August 7, 2007 to August 7, 2008. Cato had signed a "Florida Exclusion of Named Persons Automotive Policy" form on November 23, 2007, which specifically listed her as an excluded driver under the policy. Pursuant to the form, Cato was excluded from all coverage under the policy, except for personal injury protection and property damage liability coverage. The policy, including the form that excluded Cato from coverage, was in effect at the time of the February 15, 2008 accident.

**II.      Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir.

2006). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment. . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotations and citation omitted).

### III.   Discussion

Auto-Owners contends that it is entitled to summary judgment because there is no bodily injury liability coverage available to Emerald Star or Cato for the claims asserted against them in the state court action. This is because, according to Auto-Owners, Cato was an excluded driver under the policy.

The Corrigans do not dispute that Cato was the driver of the vehicle that caused the accident, or that she was excluded from coverage under the policy. (Dkts. 1, 36, 38, 41). Rather, they contend that the Court lacks jurisdiction to hear this dispute.[2]

First, they assert that the Court lacks subject matter jurisdiction because Auto-Owners has failed to prove that the amount in controversy meets the required amount under 28 U.S.C. § 1332. The Court rejects this argument because, in the complaint, Auto-Owners made a good faith allegation that the amount in controversy exceeds $75,000 as is required by 28 U.S.C. § 1332. (Doc. 1). The Corrigans presented no counter-affidavits or depositions in their response to the Motion for Summary Judgment to challenge the alleged amount in controversy.

Next, the Corrigans argue that Auto-Owners has no "actual controversy" with the Corrigans sufficient to meet the requirements of Article III of the Constitution and 28 U.S.C. §

---

[2]The Court already rejected these arguments in its prior order denying the Corrigans' motion to dismiss, when it determined that the case was properly brought before the Court. (Doc. 14.)

2201 because there is no privity of contract between the Corrigans and Auto-Owners and, as such, the rights, obligations, and status of these parties cannot be effected by any declaration issued by this Court. Finally, the Corrigans assert that this case is not ripe because the possibility that they will look to Auto-Owners to satisfy any state court judgment against Emerald Star and Cato is speculative, while the underlying state court action continues.

Although Auto-Owners and the Corrigans are not contractually bound, the law is well settled that "[w]hen declaratory relief is sought, *all persons* may be made parties who have or claim *any interest* which would be affected by the declaration." Fla. Stat. § 86.091 (emphasis added). Furthermore, "[a] prompt determination of coverage potentially benefits the insured, the insurer and the injured party." *Britamco Underwriters, Inc. v. Central Jersey Invs., Inc.,* 632 So. 2d 138, 141 (Fla. 4th DCA 1994). As this Court previously ruled, Auto-Owners is currently defending Emerald Star in the state court action, reserving its right to dispute coverage under the policy. Therefore a declaratory judgment will determine Auto-Owner's current obligation under the insurance policy to continue that defense. Accordingly, Auto-Owners and the Corrigans have an interest in this declaratory judgment action, and are thus properly before this Court. (Doc. 14).

Finally, Auto-Owners is entitled to summary judgment because Cato, the driver of the vehicle at the time of the accident, was specifically excluded from bodily injury liability coverage under the insurance policy.

**IV.     Conclusion**

Accordingly, Auto-Owners' Motion for Summary Judgment is **GRANTED**. The Court concludes that Auto-Owners Insurance Company does not have a duty to defend or indemnify

Emerald Star Casino & Resorts, Inc. or Bonnie L. Cato for the claims of bodily injury and loss of consortium arising out of the February 15, 2008 accident. The Clerk is directed to enter judgment in favor of Auto-Owners Insurance Company and against Emerald Star Casino & Resorts, Inc., Bonnie L. Cato, Bruce E. Corrigan, and Tina J. Corrigan and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of February, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record